# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF(S)

Kwabena Asante

**DEFENDANT(S)**

DCA Food Industries, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Jessup, Maryland
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

George F. Schoener, Jr., Esq.
8 Penn Center, Suite 1301
Philadelphia, PA  19103
215/564-9147

Attorneys (If Known)

**SEE ATTACHED LIST OF DEFENDANTS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☒ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (do not cite jurisdictional statutes unless diversity):   28 U.S.C. §§1332 and 1441

Brief description of cause:   Personal injury from alleged defective product.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                    DOCKET NUMBER

DATE

August 18, 2006

SIGNATURE OF ATTORNEY OF RECORD

DE 442

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

DOCS_PH 1932095v.1

JS 44 (Rev. 11/04)

Moline Machinery, Ltd. IC-DISC t/a
Moline Machinery
114 S. Central Avenue
Duluth, MN  55802

Ted D. Broom, Esq.
William J. Devlin, Jr., & Assoc.
100 West Elm Street, Suite 200
Conshohocken, PA  19428
*Attorneys for Moline Defendants*

and

The Pillsbury Company
405 2nd Avenue S
Minneapolis, MN  55401

Denis P. McBride, Esq.
Kent & McBride
1617 JFK Blvd., Suite 1200
Philadelphia, PA  19107
*Attorneys for Pillsbury Co.*

and

DCA Food Industries, Inc.
P.O. Box 368
8106 Stayton Drive
Jessup, Maryland  20794

and

J. Lyons & Co., Inc.
270 W. 17th Street, Apt. 18B
New York, NY  10011

and

J. Lyons & Co.
Bedminster Down
The Pavilions, Bridgewater Road
Bristol, BS13 8 AR United Kingdom

and

Allied Lyons PLC
Bedminster Down
The Pavilions Bridgewater Road
Bristol, BS13 8 AR United Kingdom

and

Allied Domencq North American Corporation
355 Riverside Avenue
Westport, CT  06880-4810

and

Allied Domencq Spirits and Wine USA
c/o CT Corporation System
111 Eighth Avenue
New York, NY  10011

and

Allied Domecq PLC
Bedminster Down
The Pavilions Bridgewater Road
Bristol, BS13 8 AR United Kingdom

and

Pernod-Ricard USA, LLC
77 Westchester Avenue
White Plains, NY   10604

and

Pernod Picard SA
12 Place Des Ests Unis
Park, Cedex 7578316
France

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KWABENA ASANTE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| DCA FOOD INDUSTRIES, INC. *et al.* | : | |
| | : | NO. |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241      ( )
      through §2255.

(b)   Social Security -- Cases requesting review of a decision of      ( )
      the Secretary of Health and Human Services denying
      plaintiff Social Security Benefits.

(c)   Arbitration -- Cases required to be designated for      ( )
      arbitration under Local Civil Rule 53.2.

(d)   Asbestos -- Cases involving claims for personal injury or      ( )
      property damage from exposure to asbestos.

(e)   Special Management -- Cases that do not fall into tracks (a)      ( )
      through (d) that are commonly referred to as complex and
      that need special or intense management by the court.  (See
      reverse side of this form for a detailed explanation of
      special management cases.)

(f)   Standard Management -- Cases that do not fall into any one      (X)
      of the other tracks.

| | | |
|---|---|---|
| August 18, 2006 | David E. Edwards | Kerry Inc; Kerry Ingredients and Kerry PLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-7166 | 215-864-7123 | edwardsd@whiteandwilliams.com |
| **Telephone** | **Fax Number** | **E-mail Address** |

DOCS_PH 1932101v.1

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KWABENA ASANTE       :
            :
            :
    v.        :  Civil Action
            :  No.
DCA FOOD INDUSTRIES, INC., *et al.* :
            :

### DISCLOSURE STATEMENT FORM

Please check one box:

☐  The nongovernmental corporate party,  , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒  The nongovernmental corporate party, Kerry Inc. f/k/a Kerry INgredients, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% of its stock:  is a totally owned subsidiary of Kerry PLC.

_____
Date

_____

Signature  David E. Edwards

Counsel for:  Kerry Inc. *f/k/a* Kerry Ingredients, Inc.,
Kerry Ingredients, Inc. and Kerry Group
PLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

  (a)  Who Must File:  Nongovernmental Corporate Party.  A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

  (b)  Time for Filing; Supplemental Filing.  A party must:

    (1)  file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

    (2)  promptly file a supplemental statement upon any change in the information that the statement requires.

DOCS_PH 1424232v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KWABENA ASANTE                        :
                                      :
                                      :
              v.                      :        Civil Action
                                      :        No.
DCA FOOD INDUSTRIES, INC., *et al.*   :
                                      :

## DISCLOSURE STATEMENT FORM

Please check one box:

☐     The nongovernmental corporate party,          , in the above listed civil action does not have any parent
      corporation and publicly held corporation that owns 10% or more of its stock.

☒     The nongovernmental corporate party, Kerry Inc. f/k/a Kerry INgredients, in the above listed civil
      action has the following parent corporation(s) and publicly held corporation(s) that owns 10% of its
      stock:  is a totally owned subsidiary of Kerry PLC.

---

Date

Signature  David E. Edwards

Counsel for:  Kerry Inc. *f/k/a* Kerry Ingredients, Inc.,
              Kerry Ingredients, Inc. and Kerry Group
              PLC

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

      (a)     Who Must File:  Nongovernmental Corporate Party.  A nongovernmental corporate party to an
action or proceeding in a district court must file two copies of a statement that identifies any parent corporation
and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

      (b)     Time for Filing; Supplemental Filing.  A party must:

            (1)     file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion,
                    response, or other request addressed to the court, and

            (2)     promptly file a supplemental statement upon any change in the information that the
                    statement requires.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWABENA ASANTE, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| DCA FOOD INDUSTRIES, INC., | : | CIVIL ACTION NO. |
| KERRY INC. f/k/a/ KERRY INGREDIENTS, INC., | : | |
| KERRY INGREDIENTS, INC., | : | |
| KERRY GROUP PLC, | : | **06 -3695** |
| MOLINE MACHINERY, LTD., LP t/a MOLINE MACHINERY, | : | |
| MOLINE MACHINERY, LTD., IC-DISC t/a MOLINE MACHINERY, | : | |
| MOLINE MACHINERY, | : | |
| J. LYONS & CO., | : | |
| J. LYONS & CO, INC., | : | |
| ALLIED LYONS PLC, | : | |
| ALLIED DOMECQ NORTH AMERICAN CORPORATION, | : | |
| ALLIED DOMECQ SPIRITS AND WINE USA, | : | |
| ALLIED DOMECQ PLC, | : | |
| PERNOD-RICARD USA, LLC, | : | |
| PERNOD RICARD SA, | : | |
| and | : | |
| THE PILLSBURY COMPANY, | : | |
| | : | |
| **Defendants.** | : | |

*A TRUE COPY CERTIFIED TO FROM THE RECORD*
*DATE: AUG 18 2006*
*ATTEST: Steve Torres*
*DEPUTY CLERK, UNITED STATES DISTRICT COURT*
*EASTERN DISTRICT OF PENNSYLVANIA*

### NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§1441 and 1446, Kerry Inc. *f/k/a* Kerry Ingredients, Inc., Kerry

Ingredients, Inc., and Kerry Group PLC (collectively "Kerry") hereby file this Notice of

Removal and respectfully petition this Court for removal of this action from the Court of

Common Pleas of Philadelphia County, Pennsylvania to this Court.  This petition for removal is based upon the following grounds:

## A.    JURISDICTION

1.    This Court has original jurisdiction of this action under 28 U.S.C. §1332, and this action is therefore removable under 28 U.S.C. §1441, in that, as further set forth herein, it is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different states.

## B.    COMMENCEMENT OF SERVICE OF PLEADINGS

2.    On or about July 7, 2006, the plaintiff, Kwabena Asante (hereinafter referred to as "plaintiff" or "Asante"), filed a Summons in the Court of Common Pleas of Philadelphia county, Pennsylvania, were it was assigned docket number July Term, 2006, No. 586.

3.    On July 10, 2006, plaintiff filed a Complaint.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

4.    Kerry received a copy of the Complaint on July 24, 2006.

5.    The only defendant who has appeared in this action Pillsbury Co. has consented to Removal.  See Dockets attached at Exhibit "B."  Kerry has also contacted counsel for the Moline entities named who has also consented to the Removal.

## C.    TIMELINESS OF REMOVAL

6.    This petition for removal has been filed in a timely fashion.  In accordance with the requirements of 28 U.S.C. §1446(b), this petition for removal is filed within 30 days after

service and receipt of the Complaint by Kerry. Accordingly, Kerry requests that this case be

removed to this Court as permitted by law.


**D.    BACKGROUND OF THIS DISPUTE**

7.      This is a product liability claim in which plaintiff seeks to recover for personal

injuries, including partial amputation (Complaint ¶37), sustained in using a machine. Plaintiff

asserts that at some point in time each of the defendants owned the entity that produced the

machine even if that defendant (such as Kerry) did not actually make the machine at issue.


**E.    DIVERSITY OF CITIZENSHIP OF THE PARTIES**

8.      Plaintiff is an individual residing in Pennsylvania

9.      None of the defendants is a citizen of Pennsylvania or has its principal place of

business in Pennsylvania. DCA Foods is alleged to be a Maryland entity. The Kerry defendants

are alleged to be Wisconsin entities, except for the Kerry Group which is alleged to be an Irish

entity. The Moline defendants are alleged to be Minnesota entities. J. Lyons & Co., Allied

Lyons PLC and Allied Domecq PLC are alleged to be United Kingdom entities. J. Lyons & Co.,

Inc., Allied Domecq Spirits and Wine USA and Pernod-Ricard USA, LLC, are alleged to be

New York entities. Allied Domecq North American Corporation is alleged to be a Connecticut

entity. Pernod Ricard SA is alleged to be a French entity.

10.     There is therefore complete diversity of citizenship between plaintiff and all of the

defendants. No other individual or entity has been named as a plaintiff or defendant herein or

otherwise served as a party to this action.

DOCS_PH 1929087v.1

**F.**   **AMOUNT IN CONTROVERSY**

11.   Plaintiff's Complaint does not allege a specific amount of damages but seeks to recover for significant personal injuries, including partial amputation and nerve damage (Complaint ¶37) in addition to lost earnings.

12.   Kerry therefore believes that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and that this action is properly removable to this Court.

**G.**   **NOTICE OF REMOVAL**

13.   Written notice of the filing of the Notice of Removal has been served on plaintiff and the other defendants, as required by 28 U.S.C. §1446(d), and will be filed with the clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania once a time-stamped copy of the Removal papers are received to be included in the materials to be submitted to the state court.

**H.**   **STATE COURT PAPERS AND PLEADINGS**

14.   The Complaint, attached hereto as Exhibit "A," and the Answer of Pillsbury Co., attached hereto as Exhibit "C," constitute all of the pleadings filed in the action pending in the Court of Common Pleas of Philadelphia County of which defendant is aware.  A copy of the docket from Philadelphia County is attached hereto as Exhibit "B."

- 4 -

**WHEREFORE**, defendants Kerry Inc. *f/k/a* Kerry Ingredients, Inc., Kerry Ingredients, Inc., and Kerry Group PLC respectfully request that this action be removed to the United States District Court for the Eastern District of Pennsylvania

Dated:  August 18, 2006

Respectfully submitted,

BY: _____

Gale White
David E. Edwards
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395
215/864-7000
*Attorneys for Defendants, Kerry Inc,*
*f/k/a Kerry Ingredients, Inc., Kerry*
*Ingredients, Inc. and Kerry Group PLC*

- 5 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KWABENA ASANTE,** | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **DCA FOOD INDUSTRIES, INC.,** | :    **CIVIL ACTION NO.** |
| **KERRY INC, f/k/a KERRY INGREDIENTS,** | : |
| **INC.,** | |
| **KERRY INGREDIENTS, INC.,** | : |
| **KERRY GROUP PLC,** | : |
| **MOLINE MACHINERY, LTD.., LP t/a MOLINE** | : |
| **MACHINERY,** | |
| **MOLINE MACHINERY, LTD., IC-DISC t/a** | : |
| **MOLINE MACHINERY,** | |
| **J. LYONS & CO..,** | : |
| **J. LYONS & CO., INC.,** | : |
| **ALLIED LYONS PLC,** | : |
| **ALLIED DOMECQ NORTH AMERICAN** | : |
| **CORPORATION,** | |
| **ALLIED DOMECQ SPIRITS AND WINE USA,** | : |
| **ALLIED DOMECQ PLC,** | : |
| **PERNOD-RICARD USA, LLC,** | : |
| **PERNOD RICARD SA,** | : |
|      **and** | : |
| **THE PILLSBURY COMPANY,** | : |
|      **Defendants** | |

## VERIFICATION

David E. Edwards, hereby states that he is an attorney for the defendants Kerry Inc., *f/k/a*

Kerry Ingredients, Inc., Kerry Ingredients, Inc., and Kerry Group PLC, in the within action and

verifies that the statements made in the foregoing Notice of Removal are true and correct to the

best of his knowledge, information and belief. The undersigned understands that the statements

therein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn

falsification to authorities.

Dated: August      , 2006            _____

                                               David E. Edwards

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWABENA ASANTE, | : | |
|       **Plaintiff,** | : | |
| | : | |
|    **v.** | : | |
| | : | |
| DCA FOOD INDUSTRIES, INC., | : | CIVIL ACTION NO. |
| KERRY INC, f/k/a KERRY INGREDIENTS, | : | |
| INC., | : | |
| KERRY INGREDIENTS, INC., | : | |
| KERRY GROUP PLC, | : | |
| MOLINE MACHINERY, LTD.., LP t/a MOLINE | : | |
| MACHINERY, | : | |
| MOLINE MACHINERY, LTD., IC-DISC t/a | : | |
| MOLINE MACHINERY, | : | |
| J. LYONS & CO.., | : | |
| J. LYONS & CO., INC., | : | |
| ALLIED LYONS PLC, | : | |
| ALLIED DOMECQ NORTH AMERICAN | : | |
| CORPORATION, | : | |
| ALLIED DOMECQ SPIRITS AND WINE USA, | : | |
| ALLIED DOMECQ PLC, | : | |
| PERNOD-RICARD USA, LLC, | : | |
| PERNOD RICARD SA, | : | |
|       **and** | : | |
| THE PILLSBURY COMPANY, | : | |
|       **Defendants** | | |

## NOTICE TO PLAINTIFF

TO:    George F. Schoener, Jr., Esq.
        George F. Schoener, Jr., P.C.
        8 Penn Center, Suite 1301
        1628 JFK Blvd.
        Philadelphia, PA  19103

      **PLEASE** take notice that the defendants Kerry Inc. *f/k/a* Kerry Ingredients, Inc., Kerry

Ingredients, Inc., and Kerry Group PLC have filed a Notice in the United States District Court for the

Eastern District of Pennsylvania for removal of the action now pending in the Court of Common Pleas of

Philadelphia County, Pennsylvania, captioned <u>Kwabena Asante v. DCA Food Industries, Inc., *et al.*,</u> July

Term, 2006, No. 586.

DOCS_PH 1929087v.1

**FURTHER**, take notice that the defendants Kerry Inc. *f/k/a* Kerry Ingredients, Inc., Kerry Ingredients, Inc., and Kerry Group PLC have at the same time filed with the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint served upon them and which was filed and entered in the Court of Common Pleas of Philadelphia County.  A copy of said Notice of Removal is attached to this Notice and is hereby served upon you.

WHITE AND WILLIAMS LLP


BY: _____

        Gale White
        David E. Edwards
        1800 One Liberty Place
        Philadelphia, PA  19103-7395
        215/864-7000
        *Attorneys for Defendants Kerry Inc,*
        *f/k/a Kerry Ingredients, Inc.,*
        *Kerry Ingredients, Inc. and Kerry Group PLC*

- 2 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWABENA ASANTE, | : | |
|          **Plaintiff,** | : | |
| | : | |
|     **v.** | : | |
| | : | |
| DCA FOOD INDUSTRIES, INC., | : | CIVIL ACTION NO. |
| KERRY INC, f/k/a KERRY INGREDIENTS, | : | |
| INC., | : | |
| KERRY INGREDIENTS, INC., | : | |
| KERRY GROUP PLC, | : | |
| MOLINE MACHINERY, LTD.., LP t/a MOLINE | : | |
| MACHINERY, | : | |
| MOLINE MACHINERY, LTD., IC-DISC t/a | : | |
| MOLINE MACHINERY, | : | |
| J. LYONS & CO.., | : | |
| J. LYONS & CO., INC., | : | |
| ALLIED LYONS PLC, | : | |
| ALLIED DOMECQ NORTH AMERICAN | : | |
| CORPORATION, | : | |
| ALLIED DOMECQ SPIRITS AND WINE USA, | : | |
| ALLIED DOMECQ PLC, | : | |
| PERNOD-RICARD USA, LLC, | : | |
| PERNOD RICARD SA, | : | |
|         and | : | |
| THE PILLSBURY COMPANY, | : | |
|          **Defendants.** | | |

## PROOF OF FILING

To:    THE CLERK

    David E. Edwards, hereby certifies that a copy of the foregoing Notice of Removal will

be filed with the Prothonotary of the Philadelphia County Court of Common Pleas immediately

upon receipt of the certified copy from the United States District Court for the Eastern District of

Pennsylvania.

Dated:  August  18, 2006

                                   _____

                                   David E. Edwards

# EXHIBIT A

MAJOR JURY MATTER

ASSESSMENT OF DAMAGES
HEARING NOT REQUIRED.

GEORGE F. SCHOENER, JR., P.C.
By:  George F. Schoener, Jr., Esquire
I.D. No.:  28644
8 Penn Center, Suite 1301
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103-2199
gfs@schoenerlaw.com
(215)  564-9147  --  Telephone
(215)  564-9187  --  Facsimile

Attorney for Plaintiff:
Kwabena Asante

KWABENA ASANTE                         :        COURT OF COMMON PLEAS
9601 Ashton     Road
Apartment N2                           :        PHILADELPHIA COUNTY, PA
Philadelphia, PA 19114,
                                       :

        PLAINTIFF,                     :        JULY TERM, 2006

        vs.                            :

DCA FOOD INDUSTRIES, INC.              :        NO. 586
P.O. Box 368
8106 Stayton Drive
Jessup , Maryland 20794,
                                       :

        and                            :

KERRY INC. f/k/a KERRY INGREDIENTS, INC    :
100 E. Grand Avenue
Beloit, Wisconsin 53511,               :

        and                            :

KERRY INGREDIENTS, INC.                :
100 E. Grand Avenue
Beloit, Wisconsin 53511,               :

        and                            :

KERRY GROUP PLC                        :
Prince's Street,
Tralee, County Kerry                   :
Ireland,
                                       :

        and                            :
                                       :

MOLINE MACHINERY. LTD.. LP t/a                    :
MOLINE MACHINERY                                  :
302 W. Superior Street.                            :
700 Lonsdale Building                              :
Duluth, MN 55807,                                  :
                                                   :
        and                                        :
                                                   :
MOLINE MACHINERY, LTD., IC-DISC t/a               :
MOLINE MACHINERY                                  :
114 S. Central Avenue                              :
Duluth, MN 55802,                                  :
                                                   :
        and                                        :
                                                   :
MOLINE MACHINERY                                  :
P.O. Box 16308                                     :
Duluth, MN 55816-0308,                             :
                                                   :
        and                                        :
                                                   :
J. LYONS & CO.                                     :
Bedminster Down                                    :
The Pavilions, Bridgewater Road                    :
Bristol, BS13 8 AR United Kingdom,                 :
                                                   :
        and                                        :
                                                   :
J. LYONS & CO. INC.                                :
270 W. 17th Street, Apt. 18B                       :
New York, NY 10011,                                :
                                                   :
        and                                        :
                                                   :
ALLIED LYONS PLC                                   :
Bedminster Down                                    :
The Pavilions Bridgewater Road                     :
Bristol, BS13 8 AR United Kingdom,                 :
                                                   :
        and                                        :
                                                   :
ALLIED DOMECQ NORTH AMERICAN                      :
CORPORATION                                        :
355 Riverside Avenue                               :
Westport, CT 06880-4810,                           :
                                                   :
        and                                        :

2

ALLIED DOMECQ SPIRITS AND WINE USA:
C/O CT Corporation System
111 Eighth Avenue
New York, NY 10011,                                :

        and                                        :

ALLIED DOMECQ PLC                                  :
Bedminster Down                                    :
The Pavilions Bridgewater Road                     :
Bristol, BS13 8 AR United Kingdom,                 :
                                                   :
        and                                        :

PERNOD-RICARD USA, LLC                             :
77 Westchester Avenue                              :
White Plains, NY 10604,                            :
                                                   :
        and                                        :

PERNOD RICARD SA                                   :
12 Place Des Estats Unis                           :
Paris, Cedex 7578316                               :
France,                                            :
                                                   :
        and                                        :

THE PILLSBURY COMPANY                              :
405 2nd Avenue S.                                  :
Minneapolis, MN 55401                              ;
                    DEFENDANTS.                    :


**COMPLAINT -- CIVIL ACTION LAW**
**Products Liability No. 26030**

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.   You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU    WITH    INFORMATION    ABOUT AGENCIES   THAT   MAY   OFFER   LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

### LAWYER REFERENCE SERVICE:

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone:  (215) 238-1701

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del dedamandante y requiere usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI USTED NO TIENE ABOGADO,(O    NO    TIENE    DINERO SUFICIENTE    PARA    PAGAR    A    UN ABAGADO), VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL ESTA   OFICINA   PUEDE   PROVEER   De USTED La INFORMACIÓN SOBRE FMPLEAR A un ABOGADO. SI USTED NO PUEDE PERMITIRSE    A    un    ABOGADO,    ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS      QUE      LOS      SERVICIOS JURÍDICOS de la OFERTA de MAYO A LAS PERSONAS ELEGIBLES EN Un HONORARIO REDUCIDO O NINGÚN HONORARIO.

### SERVICIO DE REFERENCIA LEGAL:

Asociacion De Licenciados De Filadelfia,
Servicio De Referencia E Informacion Legal,
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

## COMPLAINT

Plaintiff, Kwabena Asante, by and through his attorney, George F. Schoener, Jr., Esquire, hereby makes a claim for damages against the defendants and, in support thereof, avers the following:

1.     Plaintiff, Kwabena Asante, is an adult individual residing in the Commonwealth of Pennsylvania at the above address.

2.     Defendant, DCA Food Industries, Inc. is a corporation organized under the laws of Delaware with a principal place of business at the above address.

3.     At all times mentioned herein and material hereto, defendant DCA Food Industries, Inc., (hereinafter also referred to as "DCA"), regularly conducted business in Philadelphia County.

4.     At all material times hereto, defendant DCA acted through its agents, servants, workmen, employees and those who appeared to be such, who were acting within the course and scope of their employment.

5.     Defendant, DCA designed, manufactured, assembled, distributed and sold a dough metering machine ("product" alternatively "equipment"), Model MD123F18, Serial 111 which plaintiff was cleaning at the time of the accident which will be described hereinafter.

6.     At some point in time prior to or after the subject product was manufactured, defendant DCA was purchased by defendant J. Lyons & Co. an international corporation conducting business in Philadelphia County and throughout the United States as defendant J. Lyons & Co. Inc, entities that in or about 1978 were acquired by Allied Breweries, Inc. to form defendant Allied Lyons, PLC, a United Kingdom-based multi-national corporation that

in or about 1995 changed its name to defendant Allied Domecq PLC. an entity that conducted business in Philadelphia County as defendant subsidiaries Allied Domecq North American Corp and Allied Domecq Spirits and Wine Ltd, entities that in turn were acquired in or about July 2005 by defendant Pernod Ricard SA, a multinational corporation conducting business in Philadelphia County as defendant Pernod Ricard USA, Inc.

7.      Defendants J. Lyons & Co., J. Lyons & Co. Inc., Allied-Lyons PLC, Allied-Domecq PLC, Allied Domecq North American Corp. Allied Domecq Spirits and Wine Ltd, Pernod Ricard SA and Pernod Ricard USA, Inc.,—collectively referred to as the "Allied Domecq defendants"—assumed all responsibility for products manufactured by DCA prior to or subsequent to its acquisition.

8.      In or about 1994 defendant Allied Domecq PLC sold DCA to defendant Kerry Ingredients, Inc., presently known as defendant Kerry Inc., a Wisconsin based wholly owned subsidiary of multi-national corporate defendant Kerry Group PLC, collectively referred to hereinafter as "the Kerry defendants."

9.      The Kerry defendants assumed all responsibility for products manufactured by DCA prior to or subsequent to its acquisition.

10.     In or about 1996 defendant Moline Machinery—acting through defendant Moline Machinery, Ltd., LP, a Minnesota limited partnership and/or Moline Machinery Ltd., IC-DISC, a Minnesota corporation, collectively referred to as the "Moline Machinery defendants"—purchased the DCA industrial equipment line from defendant Kerry Ingredients, Inc., thereby acquiring the equipment marketing rights and assuming the responsibility for products manufactured prior to the acquisition, including the responsibility for servicing existing DCA installations.

11.     Before the subject accident, the Moline Machinery defendants published a safety-first document on the Internet which covered safety design for Moline Machinery equipment. A true and correct copy of this safety design booklet is attached hereto as Exhibit "A."

12.     In or about 2000, the Kerry defendants sold the DCA bakery business to defendant Pillsbury Company, a Delaware corporation that assumed successor liability for the actions or inactions of defendant DCA prior to its acquisition.

13.     At all material times hereto, all defendants regularly conducted business in Philadelphia County.

14.     At all material times hereto, all defendants acted through their agents, servants, workmen, employees and those who appeared to be such, who were acting within the course and scope of their employment.

15.     On or about July 8, 2004, plaintiff Kwabena Asante, was an employee at Interstate Brands Corp. located at 9801 Blue Grass Road, Philadelphia, PA 19114-1002 working in the cake department.

16.     On July 8, 2004, plaintiff was performing his job duties cleaning said dough metering machine when his fingers inadvertently entered a vent causing the dough divider to cut fingers of his right hand (right index to the small finger) resulting in partial amputation.

17.     The above accident occurred because the dough divider was defective.

18.     Defendant DCA's dough divider machine was defectively designed by failing to properly and safely incorporate safeguarding to protect the user from sheer hazard accessible through the open vent.

19.    It was technically and economically feasible to guard the hazardous condition of the vent configuration by placing a grate over the vent to prevent access to the hazard during cleaning.

20.    There were no specific warnings on the machine advising the user of the existence of the sheer hazard accessible through the open vent.

21.    The subject dough metering machine was also defective because it failed to have adequate and safe instructions and warnings pertaining to the safe use of the product and the sheer hazard presented.

22.    Defendant, DCA, failed to publish adequate directions, warnings or safety instructions regarding use of the dough divider.

23.    Defendant, DCA's failure to publish adequate warnings, safeguards, instructions or directions for the safe use of the dough divider was a substantial factor in causing said plaintiff's injuries.

24.    After acquiring the subject DCA product line, the Allied Domecq defendants failed to contact owners of the DCA equipment regarding the unsafe equipment design and the unreasonable risk of harm to which equipment users would be exposed.

25.    The Allied Domecq defendants failed to evaluate or inspect the machine involved in this case and permitted the equipment to be used despite its defective nature.

26.    After acquiring the subject DCA product line, the Kerry defendants failed to contact owners of the DCA equipment regarding the unsafe equipment design and the unreasonable risk of harm to which equipment users would be exposed

27.    The Kerry defendants failed to evaluate or inspect the machine involved in this case and permitted the equipment to be used despite its defective nature.

8

28.    The Moline Machinery defendants purchased the subject product line from the Kerry defendants and failed to contact owners of the DCA equipment regarding the unsafe equipment design and the unreasonable risk of harm to which equipment users would be exposed.

29.    The Moline Machinery defendants failed to evaluate or inspect the machine involved in this case and permitted the equipment to be used despite its defective nature.

30.    Defendant Pillsbury Company purchased the DCA bakery products line from and failed to contact owners of the DCA equipment regarding the unsafe equipment design and the unreasonable risk of harm to which equipment users would be exposed.

31.    Defendant Pillsbury Company failed to evaluate or inspect the machine involved in this case and permitted the equipment to be used despite its defective nature.

32.    Subsequent to the subject accident, a safety device was installed on the subject product which would have prevented and will prevent the type of injury that the plaintiff sustained.

33.    Defendants had the technology before the date of the accident to retrofit the subject machine yet failed to do so.

34.    The injuries sustained by the plaintiff, as described below, were solely caused by the negligence, carelessness and recklessness of the defendants, their violation of Section 402 A (Second) and warranty law as applicable under Pennsylvania law.

COUNT I
(Plaintiff v. Defendant DCA)
Negligence

35.     Plaintiff incorporates by reference paragraphs one (1) through thirty-four (34) of this complaint as if fully set forth at length herein.

36.     The injuries sustained by plaintiff were proximately caused by the negligence, carelessness and recklessness of defendant DCA as follows:

      a.   designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power to the machine while being cleaned;

      b.   designing, manufacturing, distributing and selling the subject product without a proper electrical magnetic limit switch or other device to prevent the accident;

      c.   designing, manufacturing, distributing and selling the subject product so as to permit the creation of a hazard while attempting to clean the machine;

      d.   designing, manufacturing, distributing and selling the subject product so as to permit the hands of a worker to come into contact with a moving part of the machine while attempting to clean it;

      e.   designing, manufacturing, distributing and selling the subject product without a block to prevent the subject injury;

      f.   designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power in the event of contact with moving machinery;

      g.   failing to design, manufacture, distribute and sell the subject product with a blocking device to prevent the contact between moving parts in the subject machine and the user of the equipment;

      h.   failing to properly test the subject product;

      i.   failing to properly warn users, such as the plaintiff, of the dangers involved in operating the subject equipment;

j.  failing to recall or otherwise warn about defects in the subject product leading to the hazard of contact with a moving part during the cleaning process;

k.  failing to provide adequate warnings and/or instructional materials;

l.  designing, manufacturing, distributing and selling product modifications after the sale in this case but before the date of the incident,  and not notifying prior purchasers of the availability of these modifications, said modifications including switching and safety devices  to prevent an incident such as occurred in the instant case;

m.  failing to retrofit the subject product prior to the accident, said retrofit involving, other modifications, a limit switch and or other means to protect the user of the product from contact with moving parts while cleaning the machine;

n.  failing to provide a post-sale warning about product defects;

o.  failing to adequately track the identity of the purchasers of the subject product;

p.  failing to notify purchasers of design changes after the initial sales;

q.  exposing plaintiff to reasonably foreseeable injuries;

r.  failing to adhere to proper safety engineering practices;

s.  violating the rules, regulations and guidelines of the subject industry.

37.    As a proximate result of the aforementioned incident caused by the defendants, the plaintiff has suffered catastrophic and permanent injuries, including, but not limited to, the loss of a significant portion of four fingers from his right hand, cosmetic scarring and disfigurement, damage to his nerves and nervous system and various other ills and illnesses.

38.    As a further result of the aforementioned incident caused by the defendants, the plaintiff has suffered severe physical pain, mental anguish and humiliation and will continue

to suffer same for an indefinite time into the future. He has been and in the future will be unable to attend to his usual duties and occupation.

39.     As a further result of the aforementioned incident caused by the defendants, the plaintiff has suffered severe physical pain, mental anguish and humiliation and will continue to suffer same for an indefinite time into the future. He has been and in the future will be unable to attend to his usual duties and occupation.

40.     As a further result of the aforementioned incident caused by the defendants, the plaintiff has suffered cosmetic scarring and disfigurement.

41.     As a further result of the aforementioned incident caused by defendants, plaintiff has received, and may continue to receive, surgical and medical care for his injuries, and has incurred and will continue to incur substantial expenses.

42.     As a further result of the aforementioned incident caused by the defendants, plaintiff has been and will be deprived of the ability to enjoy life and the full use of his faculties to the extent that he was able to enjoy same prior to the events herein described.

43.     As a further result of the aforementioned incident caused by the defendants, the plaintiff has suffered a loss of earnings and earning capacity.

44.     As a further result of the aforementioned incident caused by the defendants, the plaintiff has become disabled.

WHEREFORE, plaintiff demands judgment against defendant, DCA, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

## COUNT II
### (Plaintiff v. The Allied Domecq Defendants)
### Negligence

45.   Plaintiff incorporates by reference paragraphs one (1) through forty-four (44) of this complaint as if fully set forth at length herein.

46.   The injuries sustained by plaintiff were proximately caused by the negligence, carelessness and recklessness of the Allied Domecq defendants as follows

a.   designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power to the machine while being cleaned;

b.   designing, manufacturing, distributing and selling the subject product without a proper electrical magnetic limit switch or other device to prevent the accident;

c.   designing, manufacturing, distributing and selling the subject product so as to permit the creation of a hazard while attempting to clean the machine;

d.   designing, manufacturing, distributing and selling the subject product so as to permit the hands of a worker to come into contact with a moving part of the machine while attempting to clean it;

e.   designing, manufacturing, distributing and selling the subject product without a block to prevent the subject injury;

f.   designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power in the event of contact with moving machinery;

g.   failing to design, manufacture, distribute and sell the subject product with  a blocking device to prevent the contact between moving parts in the subject machine and the user of the equipment;

h.   failing to properly test the subject product;

i.   failing to properly warn users, such as the plaintiff, of the dangers involved in operating the subject equipment;

j.  failing to recall or otherwise warn about defects in the subject product leading to the hazard of contact with a moving part during the cleaning process;

k.  failing to provide adequate warnings and/or instructional materials;

l.  designing, manufacturing, distributing and selling product modifications after the sale in this case but before the date of the incident,  and not notifying prior purchasers of the availability of these modifications, said modifications including switching and safety devices  to prevent an incident such as occurred in the instant case;

m.  failing to retrofit the subject product prior to the accident, said retrofit involving, other modifications, a limit switch and or other means to protect the user of the product from contact with moving parts while cleaning the machine;

n.  failing to provide a post-sale warning about product defects;

o.  failing to adequately track the identity of the purchasers of the subject product;

p.  failing to notify purchasers of design changes after the initial sales;

q.  exposing plaintiff to reasonably foreseeable injuries;

r.  failing to adhere to proper safety engineering practices;

s.  violating the rules, regulations and guidelines of the subject industry;

t.  subsequent purchaser liability;

u.  product line liability.

WHEREFORE, plaintiff demands judgment against the Allied Domecq defendants, J. Lyons & Co.; J. Lyons & Co. Inc.; Allied-Lyons PLC; Allied-Domecq PLC; Allied Domecq North American Corp.; Allied Domecq Spirits and Wine Ltd.; Pernod Ricard SA; Pernod

Ricard USA, Inc., for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

### COUNT III
### (Plaintiff v. The Kerry Defendants)
### Negligence

47.   Plaintiff incorporates by reference paragraphs one (1) through forty-six (46) of this Complaint as if fully set forth at length herein.

48.   The injuries sustained by plaintiff were proximately caused by the negligence, carelessness and recklessness of the Kerry defendants as follows:

    a.  designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power to the machine while being cleaned;

    b.  designing, manufacturing, distributing and selling the subject product without a proper electrical magnetic limit switch or other device to prevent the accident;

    c.  designing, manufacturing, distributing and selling the subject product so as to permit the creation of a hazard while attempting to clean the machine;

    d.  designing, manufacturing, distributing and selling the subject product so as to permit the hands of a worker to come into contact with a moving part of the machine while attempting to clean it;

    e.  designing, manufacturing, distributing and selling the subject product without a block to prevent the subject injury;

    f.  designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power in the event of contact with moving machinery;

    g.  failing to design, manufacture, distribute and sell the subject product with  a blocking device to prevent the contact between moving parts in the subject machine and the user of the equipment;

h.  failing to properly test the subject product;

i.  failing to properly warn users, such as the plaintiff, of the dangers involved in operating the subject equipment;

j.  failing to recall or otherwise warn about defects in the subject product leading to the hazard of contact with a moving part during the cleaning process;

k.  failing to provide adequate warnings and/or instructional materials;

l.  designing, manufacturing, distributing and selling product modifications after the sale in this case but before the date of the incident,  and not notifying prior purchasers of the availability of these modifications, said modifications including switching and safety devices  to prevent an incident such as occurred in the instant case;

m.  failing to retrofit the subject product prior to the accident, said retrofit involving, other modifications, a limit switch and or other means to protect the user of the product from contact with moving parts while cleaning the machine;

n.  failing to provide a post-sale warning about product defects;

o.  failing to adequately track the identity of the purchasers of the subject product;

p.  failing to notify purchasers of design changes after the initial sales;

q.  exposing plaintiff to reasonably foreseeable injuries;

r.  failing to adhere to proper safety engineering practices;

s.  violating the rules, regulations and guidelines of the subject industry

t.  subsequent purchaser liability;

u.  product line liability.

WHEREFORE, plaintiff demands judgment against the Kerry defendants, Kerry Inc., f/k/a Kerry Ingredients, Inc; Kerry Ingredients, Inc.; the Kerry Group, PLC; for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

### COUNT IV
### (Plaintiff v. Moline Machinery Defendants)
### Negligence

49.     Plaintiff incorporates by reference paragraphs one (1) through forty-eight (48) of this Complaint as if fully set forth at length herein.

50.     The injuries sustained by plaintiff were proximately caused by the negligence, carelessness and recklessness of the Moline Machinery defendants as follows:

      a.  designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power to the machine while being cleaned;

      b.  designing, manufacturing, distributing and selling the subject product without a proper electrical magnetic limit switch or other device to prevent the accident;

      c.  designing, manufacturing, distributing and selling the subject product so as to permit the creation of a hazard while attempting to clean the machine;

      d.  designing, manufacturing, distributing and selling the subject product so as to permit the hands of a worker to come into contact with a moving part of the machine while attempting to clean it;

      e.  designing, manufacturing, distributing and selling the subject product without a block to prevent the subject injury;

      f.  designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power in the event of contact with moving machinery;

      g.  failing to design, manufacture, distribute and sell the subject product with   a blocking device to prevent the contact

between moving parts in the subject machine and the user of the equipment;

h.  failing to properly test the subject product;

i.  failing to properly warn users, such as the plaintiff, of the dangers involved in operating the subject equipment;

j.  failing to recall or otherwise warn about defects in the subject product leading to the hazard of contact with a moving part during the cleaning process;

k.  failing to provide adequate warnings and/or instructional materials;

l.  designing, manufacturing, distributing and selling product modifications after the sale in this case but before the date of the incident,  and not notifying prior purchasers of the availability of these modifications, said modifications including switching and safety devices  to prevent an incident such as occurred in the instant case;

m. failing to retrofit the subject product prior to the accident, said retrofit involving, other modifications, a limit switch and or other means to protect the user of the product from contact with moving parts while cleaning the machine;

n.  failing to provide a post-sale warning about product defects;

o.  failing to adequately track the identity of the purchasers of the subject product;

p.  failing to notify purchasers of design changes after the initial sales;

q.  exposing plaintiff to reasonably foreseeable injuries;

r.  failing to adhere to proper safety engineering practices;

s.  violating the rules, regulations and guidelines of the subject industry;

t.  subsequent purchaser liability;

u.  product line liability.

WHEREFORE, plaintiff demands judgment against the Moline Machinery defendants, Moline Machinery, Moline Machinery Ltd., LP, Moline Machinery Ltd., IC-DISC, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

## COUNT V
### (Plaintiff v. Defendant Pillsbury Company)
### Negligence

51.    Plaintiff incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as if fully set forth at length herein.

52.    The injuries sustained by plaintiff were proximately caused by the negligence, carelessness and recklessness of defendant Pillsbury Company as follows:

      a.  designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power to the machine while being cleaned;

      b.  designing, manufacturing, distributing and selling the subject product without a proper electrical magnetic limit switch or other device to prevent the accident;

      c.  designing, manufacturing, distributing and selling the subject product so as to permit the creation of a hazard while attempting to clean the machine;

      d.  designing, manufacturing, distributing and selling the subject product so as to permit the hands of a worker to come into contact with a moving part of the machine while attempting to clean it;

      e.  designing, manufacturing, distributing and selling the subject product without a block to prevent the subject injury;

f.   designing, manufacturing, distributing and selling the subject product without a limit switch in place to interrupt power in the event of contact with moving machinery;

g.   failing to design, manufacture, distribute and sell the subject product with a blocking device to prevent the contact between moving parts in the subject machine and the user of the equipment;

h.   failing to properly test the subject product;

i.   failing to properly warn users, such as the plaintiff, of the dangers involved in operating the subject equipment;

j.   failing to recall or otherwise warn about defects in the subject product leading to the hazard of contact with a moving part during the cleaning process;

k.   failing to provide adequate warnings and/or instructional materials;

l.   designing, manufacturing, distributing and selling product modifications after the sale in this case but before the date of the incident, and not notifying prior purchasers of the availability of these modifications, said modifications including switching and safety devices to prevent an incident such as occurred in the instant case;

m.   failing to retrofit the subject product prior to the accident, said retrofit involving, other modifications, a limit switch and or other means to protect the user of the product from contact with moving parts while cleaning the machine;

n.   failing to provide a post-sale warning about product defects;

o.   failing to adequately track the identity of the purchasers of the subject product;

p.   failing to notify purchasers of design changes after the initial sales;

q.   exposing plaintiff to reasonably foreseeable injuries;

r.   failing to adhere to proper safety engineering practices;

s.  violating the rules. regulations and guidelines of the subject industry

t.  subsequent purchaser liability;

u.  product line liability.

WHEREFORE, plaintiff demands judgment against defendant, Pillsbury Company, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.


**COUNT VI**
**(Plaintiff v. DCA)**
**§ 402 A**

53.    Plaintiff incorporates by reference paragraphs one (1) through fifty-two (52) of this Complaint as if fully set forth at length herein.

54.    Defendant DCA did design, manufacture, distribute and sell the aforementioned product and/or acquired the product line, knowing of its ultimate use by persons such as the person involved herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

55.    Defendant DCA also caused the plaintiff's injuries by failing, inter alia, to issue a post-sale, pre-incident warning or recall.

56.    Plaintiff's injuries, as outlined above, were caused by the defects present in the subject product, pursuant to § 402 A of the Restatement (2nd) of Torts.

WHEREFORE, plaintiff demands judgment against defendant, DCA, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

COUNT VII
(Plaintiff v. The Allied-Domecq Defendants)
§ 402 A

57.    Plaintiff incorporates by reference paragraphs one (1) through fifty-six (56) of this Complaint as if fully set forth at length herein.

58.    The Allied Domecq defendants did design, manufacture, distribute and sell the aforementioned product and/or acquired the product line, knowing of its ultimate use by persons such as the person involved herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

59.    The Allied Domecq defendants also caused the plaintiff's injuries by failing, inter alia, to issue a post-sale, pre-incident warning or recall.

60.    Plaintiff's injuries, as outlined above, were caused by the defects present in the subject product, pursuant to § 402 A of the Restatement (2nd) of Torts.

WHEREFORE, plaintiff demands judgment against the Allied Domecq defendants, J. Lyons & Co.; J. Lyons & Co. Inc.; Allied-Lyons PLC; Allied-Domecq PLC; Allied Domecq North American Corp.; Allied Domecq Spirits and Wine Ltd.; Pernod Ricard SA; Pernod Ricard USA, Inc., for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

COUNT VIII
(Plaintiff v. The Kerry Defendants)
§ 402 A

61.    Plaintiff incorporates by reference paragraphs one (1) through sixty (60) of this Complaint as if fully set forth at length herein.

22

62.     The Kerry defendants did design, manufacture, distribute and sell the aforementioned product and/or acquired the product line, knowing of its ultimate use by persons such as the person involved herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

63.     The Kerry defendants also caused the plaintiff's injuries by failing, inter alia, to issue a post-sale, pre-incident warning or recall.

64.     Plaintiff's injuries, as outlined above, were caused by the defects present in the subject product, pursuant to § 402 A of the Restatement (2nd) of Torts.

WHEREFORE, plaintiff demands judgment against the Kerry defendants, Kerry Inc.; f/k/a Kerry Ingredients; Inc; Kerry Ingredients, Inc.; the Kerry Group, PLC; for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.


**COUNT IX**
**(Plaintiff v. The Moline Machinery Defendants)**
**§ 402 A**

65.     Plaintiff incorporates by reference paragraphs one (1) through sixty-four (64) of this Complaint as if fully set forth at length herein.

66.     The Moline Machinery defendants did design, manufacture, distribute and sell the aforementioned product and/or acquired the product line, knowing of its ultimate use by persons such as the person involved herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

67.     The Moline Machinery defendants also caused the plaintiff's injuries by failing, inter alia, to issue a post-sale, pre-incident warning or recall.

68.     Plaintiff's injuries, as outlined above, were caused by the defects present in the subject product, pursuant to § 402 A of the Restatement (2nd) of Torts.

WHEREFORE, plaintiff demands judgment against the Moline Machinery defendants, Moline Machinery, Moline Machinery Ltd., LP, Moline Machinery Ltd., IC-DISC, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

## COUNT X
### (Plaintiff v. The Pillsbury Company)
### § 402 A

69.     Plaintiff incorporates by reference paragraphs one (1) through sixty-eight (68) of this Complaint as if fully set forth at length herein.

70.     Defendant The Pillsbury Company did design, manufacture, distribute and sell the aforementioned product, knowing of its ultimate use by persons such as the person involved herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

71.     Defendant The Pillsbury Company also caused the plaintiff's injuries by failing, inter alia, to issue a post-sale, pre-incident warning or recall.

72.     Plaintiff's injuries, as outlined above, were caused by the defects present in the subject product, pursuant to § 402 A of the Restatement (2nd) of Torts.

24

WHEREFORE, plaintiff demands judgment against defendant, The Pillsbury Company, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

## COUNT XI
### (Plaintiff v. DCA)
### Breach of Warranty

73.    Plaintiff incorporates by reference paragraphs one (1) through seventy-two (72) of this complaint as if fully set forth at length herein.

74.    Plaintiff's catastrophic injuries were proximately caused by defendant DCA's breach of warranty for particular purpose merchantability and other express and implied warranties pursuant to the Uniform Commercial Code and the common law.

75.    Plaintiff's injuries, as outlined above, were caused by the aforementioned breach of warranty

WHEREFORE, plaintiff demands judgment against defendant, DCA, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

## COUNT XII
### (Plaintiff v. The Allied Domecq Defendants)
### Breach of Warranty

76.    Plaintiff incorporates by reference paragraphs one (1) through seventy-five (75) of this complaint as if fully set forth at length herein.

77.    Plaintiff's catastrophic injuries were proximately caused by the Allied Domecq defendants' breach of warranty for particular purpose merchantability and other express and implied warranties pursuant to the Uniform Commercial Code and the common law.

78.    Plaintiff's injuries, as outlined above, were caused by the aforementioned breach of warranty

WHEREFORE, plaintiff demands judgment against the Allied Domecq defendants, J. Lyons & Co.; J. Lyons & Co. Inc.; Allied-Lyons PLC; Allied-Domecq PLC; Allied Domecq North American Corp.; Allied Domecq Spirits and Wine Ltd.; Pernod Ricard SA; Pernod Ricard USA, Inc., for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

## COUNT XIII
### (Plaintiff v. The Kerry Defendants)
### Breach of Warranty

79.    Plaintiff incorporates by reference paragraphs one (1) through seventy-eight (78) of this complaint as if fully set forth at length herein.

80.    Plaintiff's catastrophic injuries were proximately caused by the Kerry defendants' breach of warranty for particular purpose merchantability and other express and implied warranties pursuant to the Uniform Commercial Code and the common law.

81.    Plaintiff's injuries, as outlined above, were caused by the aforementioned breach of warranty

WHEREFORE, plaintiff demands judgment against the Kerry defendants, Kerry Inc., f/k/a Kerry Ingredients, Inc; Kerry Ingredients, Inc.; the Kerry Group, PLC; for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.

COUNT XIV
(Plaintiff v. The Moline Machinery Defendants)
Breach of Warranty

82.     Plaintiff incorporates by reference paragraphs one (1) through eighty-one (81) of this complaint as if fully set forth at length herein.

83.     Plaintiff's catastrophic injuries were proximately caused by the Moline Machinery defendants' breach of warranty for particular purpose merchantability and other express and implied warranties pursuant to the Uniform Commercial Code and the common law.

84.     Plaintiff's injuries, as outlined above, were caused by the aforementioned breach of warranty

WHEREFORE, plaintiff demands judgment against the Moline Machinery defendants, Moline Machinery, Moline Machinery Ltd., LP, Moline Machinery Ltd., IC-DISC, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs.


COUNT XV
(Plaintiff v. The Pillsbury Company)
Breach of Warranty

85.     Plaintiff incorporates by reference paragraphs one (1) through eighty-four (84) of this complaint as if fully set forth at length herein.

86.     Plaintiff's catastrophic injuries were proximately caused by defendant The Pillsbury Company's breach of warranty for particular purpose merchantability and other express and implied warranties pursuant to the Uniform Commercial Code and the common law.

87.     Plaintiff's injuries, as outlined above, were caused by the aforementioned breach of warranty

WHEREFORE, plaintiff demands judgment against defendant, The Pillsbury Company, for a sum in excess of Fifty Thousand Dollars ($50,000.00) along with delay damages, interest and costs

GEORGE F. SCHOENER, JR., P.C.

George F. Schoener Jr.
George F. Schoener, Jr., Esquire

Date:   July 10, 2006

# V E R I F I C A T I O N

KWABENA ASANTE hereby states that he is the plaintiff in this action and verifies that the statements made in the foregoing COMPLAINT are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_AKWABENA_
KWABENA ASANTE

Date: _7/10/06_

# EXHIBIT B

# Civil Docket Report

## Case Description

**Case ID:**       060700586
**Case Caption:** ASANTE VS DCA FOOD INDUSTRIES INC ETAL
**Filing Date:**   Friday , July 07th, 2006
**Court:**         JC - MAJOR JURY-COMPLEX
**Location:**      CH - City Hall
**Jury:**          J - JURY
**Case Type:**     2P - PRODUCT LIABILITY
**Status:**        CLWCM - WAITING TO LIST CASE MGMT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A28644 | SCHOENER JR, GEORGE F |
| **Address:** | SUITE 1301 EIGHT PENN CENTER PLAZA 1628 JFK BLVD PHILADELPHIA PA 19103-2199 (215)564-9147 | | **Aliases:** | *none* | |
| | | | | | |
| 2 | 1 | | PLAINTIFF | @5469802 | ASANTE, KWABENA |
| **Address:** | 9601 ASHTON ROAD APT N-2 PHILADELPHIA PA 19114 | | **Aliases:** | *none* | |
| | | | | | |

| 3 | | | DEFENDANT | @5469804 | DCA FOOD INDUSTRIES INC |
|---|---|---|---|---|---|
| **Address:** | PO BOX 368 8106 STAYTON DRIVE JESSUP MD 20794 | | **Aliases:** | *none* | |
| | | | | | |
| 4 | | | DEFENDANT | @5469805 | KERRY INC |
| **Address:** | 100 EAST GRAND AVE BELOIT WI 53511 | | **Aliases:** | KERRY INGREDIENTS INC | |
| | | | | | |
| 5 | | | DEFENDANT | @5469811 | KERRY INGREDIENTS INC |
| **Address:** | 100 EAST GRAND AVE BELOIT WI 53511 | | **Aliases:** | *none* | |
| | | | | | |
| 6 | | | DEFENDANT | @5469812 | KERRY GROUP PLC |
| **Address:** | PRINCE'S ST TRALEE COUNTY KERRY | | **Aliases:** | *none* | |
| | | | | | |
| 7 | | | DEFENDANT | @5469815 | MOLINE MACHINERY LTD LP |
| **Address:** | 302 WEST SUPERIOR ST 700 LONSDALE BLDG DULUTH MN 55807 | | **Aliases:** | MOLINE MACHINERY | |
| | | | | | |
| 8 | | | DEFENDANT | @5469816 | MOLINE MACHINERY LTD IC DISC |
| **Address:** | 114 S CENTRAL AVE DULUTH MN 55802 | | **Aliases:** | MOLINE MACHINERY | |
| | | | | | |
| 9 | | | DEFENDANT | @5469819 | MOLINE MACHINERY |

| Address: | PO BOX 16308 DULUTH MN 55816 | Aliases: | none | |
|---|---|---|---|---|
| 10 | | DEFENDANT | @5469822 | J LYONS&CO INC |
| Address: | BEDMINSTER DOWN PAVILIONS BRIDGEWATER RD BRISTOL BS13 8 | Aliases: | none | |
| 11 | | DEFENDANT | @5469825 | J LYONS&CO INC |
| Address: | 270 WEST 17TH ST APT 18B NEW YORK NY 10011 | Aliases: | none | |
| 12 | | DEFENDANT | @5469827 | ALLIED LYONS PLC |
| Address: | BEDMINSTER DOWN THE PAVILIONS BRIDGEWATER RD BRISTOL BS 13 8 | Aliases: | none | |
| 13 | | DEFENDANT | @5469832 | ALLIED DOMECQ NORTH AMERICAN CORP |
| Address: | 355 RIVERSIDE AVE SAUGATUCK CT 06880 | Aliases: | none | |
| 14 | | DEFENDANT | @5469834 | ALLIED DOMECQ SPIRITS&WINE USA |
| Address: | C/O CT CORP SYSTEM 111 EIGHT AVE NEW YORK NY 10011 | Aliases: | none | |

| 15 | | | DEFENDANT | @5469836 | ALLIED DOMECQ PLC |
|---|---|---|---|---|---|
| **Address:** | BEDMINSTER DOWN THE PAVILIONS BRIDGEWATER RD BRISTOL BS 13 8 | | **Aliases:** | *none* | |

| 16 | | | DEFENDANT | @5469839 | PERNOD RICARD SA |
|---|---|---|---|---|---|
| **Address:** | 77 WESTCHESTER AVE EAST WHITE PLAINS NY 10604 | | **Aliases:** | *none* | |

| 17 | | | DEFENDANT | @5469840 | PERNOD RICARD SA |
|---|---|---|---|---|---|
| **Address:** | 12 PLACE DES ESTATS UNIS PARIS CEDEX 7578316 | | **Aliases:** | *none* | |

| 18 | 20 | | DEFENDANT | @5469841 | PILLSBURY CO |
|---|---|---|---|---|---|
| **Address:** | 405 02ND AVE S MINNEAPOLIS MN 55401 | | **Aliases:** | *none* | |

| 19 | | | TEAM LEADER | J359 | TERESHKO, ALLAN L |
|---|---|---|---|---|---|
| **Address:** | 231 CITY HALL PHILADELPHIA PA 19107 (215)686-7324 | | **Aliases:** | *none* | |

| 20 | | | ATTORNEY FOR DEFENDANT | A41859 | MCBRIDE, DENIS P |
|---|---|---|---|---|---|
| **Address:** | KENT & MCBRIDE 1617 JFK BLVD SUITE 1200 PHILADELPHIA PA 19107 (215)568-1800 | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 07-JUL-2006 11:29 AM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | SCHOENER JR, GEORGE F | |
| Docket Entry: | *none.* | | |
| | | | |
| 07-JUL-2006 11:29 AM | WRSUM - PRAE TO ISSUE WRIT OF SUMMONS | SCHOENER JR, GEORGE F | |
| Docket Entry: | PRAECIPE TO ISSUE WRIT OF SUMMONS FILED. WRIT OF SUMMONS ISSUED. | | |
| | | | |
| 07-JUL-2006 11:29 AM | SSC16 - SHERIFF'S SURCHARGE 16 DEFTS | SCHOENER JR, GEORGE F | |
| Docket Entry: | *none.* | | |
| | | | |
| 07-JUL-2006 11:29 AM | JURYT - JURY TRIAL PERFECTED | SCHOENER JR, GEORGE F | |
| Docket Entry: | *none.* | | |
| | | | |
| 07-JUL-2006 11:29 AM | CLWCM - WAITING TO LIST CASE MGMT CONF | SCHOENER JR, GEORGE F | |
| Docket Entry: | *none.* | | |
| | | | |
| 07-JUL-2006 03:35 PM | ACTIV - ACTIVE CASE | | |
| Docket Entry: | *none.* | | |
| | | | |
| 10-JUL-2006 03:02 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | SCHOENER JR, GEORGE F | |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |

| 28-JUL-2006<br>02:44 PM | AFDVT - AFFIDAVIT OF<br>SERVICE FILED | | |
|---|---|---|---|
| **Docket Entry:** | OF COMPLAINT AND SUMMONS BY PERSONAL SERVICE UPON DEFENDANT THE PILLSBURY CO C/O CT CORP ON 7/24/06. | | |
| | | | |
| 14-AUG-2006<br>04:04 PM | ENAJD - ENTRY OF<br>APPEAR/JURY DEMAND | MCBRIDE, DENIS<br>P | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF DENIS MCBRIDE FILED ON BEHALF OF DFT THE PILLSBURY CO. | | |
| | | | |
| 14-AUG-2006<br>04:04 PM | ANCOM - ANSWER TO<br>COMPLAINT FILED | MCBRIDE, DENIS<br>P | |
| **Docket Entry:** | ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER 2252(D) AGAINST CO-DEFT(S) FILED BY DEFENDANT THE PILLSBURY CO. | | |

# EXHIBIT C

# COPY

KENT & McBRIDE, P.C.
By: DENIS P. McBRIDE, ESQUIRE
IDENTIFICATION NO. 41859
1617 JFK BOULEVARD
SUITE 1200
PHILADELPHIA, PA 19103
(215) 568-1800

ATTORNEY FOR DEFENDANT,
The Pillsbury Company

*PRESENTED FOR REVIEW 06 AUG 14 PM 4:04 PROTHY*

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

443-73560

Kwabena Asante,

    Plaintiff,

      v.

The Pillsbury Company, et al.

    Defendant.

JULY TERM, 2006
NO.: 586

## ENTRY OF APPEARANCE AND JURY TRIAL DEMAND

TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of Defendant(s), The Pillsbury Company, in the above-captioned matter.

    Defendant, The Pillsbury Company, by and through its attorneys, hereby demands a trial by jury.

KENT & McBRIDE, P.C.

BY: *Denis P. McBride*
    Denis P. McBride, Esquire
    Attorney for Defendant,
    The Pillsbury Company



KENT & McBRIDE, P.C.
By:  DENIS P. McBRIDE, ESQUIRE
IDENTIFICATION NO. 41859
1617 JFK BOULEVARD
SUITE 1200
PHILADELPHIA, PA  19103
(215) 568-1800

ATTORNEY FOR DEFENDANT,
The Pillsbury Company

443-73560

Kwabena Asante,

    Plaintiff,

        v.

DCA Food Instrustries, Inc.; Kerry Inc. f/k/a
Kerry Ingredients, Inc.; Kerry Ingredients,
Inc.; Kerry Group PLC;
Moline Machinery, LTD LP t/a Moline
Machinery; Moline Machinery, LTD, IC-
DISC t/a Moline Machinery; Moline
Machinery; J. Lyons & Co.; J. Lyons & Co.,
Inc.; Allied Lyons, PLC; Allied Domecq
North American Corporation;
Allied Domecq Spirts and Wine USA;
Allied Domecq PLC; Pernod-Ricard USA,
LLC; Pernod Ricard SA; The Pillsbury
Company,

    Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

JULY TERM, 2006
NO.: 586

*PRESENTED FOR REVIEW*
*06 AUG 14 PM 4: 04*
*PRO PROTHY*

## ANSWER OF DEFENDANT, THE PILLSBURY COMPANY, TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND NEW MATTER PURSUANT TO RULE 2252(d) IN THE FORM OF CROSSCLAIM

    1.-11.  Denied.   After reasonable investigation, Answering Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

12.     Admitted in part. Denied in part. Answering Defendant Pillsbury, Pillsbury admits that it purchased a portion of the business entity known as DCA Food Industries, Inc. Defendant Pillsbury admits that it is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Minneapolis, Minnesota. However, Plaintiff's Complaint is unduly vague and indefinite as to his allegations regarding successor liability so as to preclude this Answering Defendant Pillsbury from determining the scope of liability to which Plaintiff refers and therefore denies same.

13.     Admitted in part. Denied in part. Answering Defendant Pillsbury admits that it is a foreign corporation that does business within the State of Pennsylvania. However, Pillsbury lacks sufficient information or knowledge to form a belief as to the truth or accuracy of the allegations concerning the activities of other named Defendants and therefore denies same.

14.     Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

15-16. Denied.  After reasonable investigation, Answering Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

17-21. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

22-29. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

30-34. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering

Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

## COUNT I
### (Plaintiff v. Defendant DCA)
### Negligence

35.     Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

36-44. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT II
### (Plaintiff v. The Allied Domecq Defendants)
### Negligence

45.     Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

46.     Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT III
### (Plaintiff v. The Kerry Defendants)
### Negligence

47.    Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

48.    Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT IV
### (Plaintiff v. Moline Machinery Defendants)
### Negligence

49.    Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

50.    Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT V
### (Plaintiff v. Defendant Pillsbury Company)
### Negligence

51.    Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

52.   Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT VI
### (Plaintiff v. DCA)
§ 402 A

53.   Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

54-56. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT VII
### (Plaintiff v. The Allied-Domecq Defendants)
§ 402 A

57.   Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

58-60. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against

Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT VIII
### (Plaintiff v. The Kerry Defendants)
### § 402 A

61.   Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

62-64. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT IX
### (Plaintiff v. The Moline Machinery Defendants)
### § 402 A

65.   Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

66-68. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT X
### (Plaintiff v. The Pillsbury Company)
§ 402 A

69.    Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

70-72. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT XI
### (Plaintiff v. DCA)
Breach of Warranty

73.    Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

74-75. Denied. The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT XII
### (Plaintiff v. The Allied Domecq Defendants)
#### Breach of Warranty

76.     Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

77-78. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT XIII
### (Plaintiff v. The Kerry Defendants)
#### Breach of Warranty

79.     Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

80-81. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## COUNT XIV
### (Plaintiff v. The Moline Machinery Defendants)
### Breach of Warranty

82.    Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

83-84. Denied.  The averments contained in this paragraph refer to parties other than Answering Defendant Pillsbury, and, therefore, no answer is required.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.


## COUNT XV
### (Plaintiff v. The Pillsbury Company)
### Breach of Warranty

85.    Answering Defendant Pillsbury incorporates by reference its answers to the Paragraphs in all previous Counts above as fully as though same were set forth herein at length.

86-87. Denied. The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant Pillsbury lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

WHEREFORE, Answering Defendant Pillsbury(s) demands judgment in its favor and against Plaintiff together with costs, attorney's fees, and other relief as may be just and reasonable.

## NEW MATTER

88.     Plaintiff's Complaint fails to state a claim against Answering Defendant Pillsbury upon which relief may be granted.

89.     Plaintiff's alleged damages were caused by Plaintiff's own negligence or fault and any claims or damages should be barred or reduced accordingly.

90.     Plaintiff's alleged damages were caused by the negligence or fault of other persons or entities over whom Answering Defendant Pillsbury has no control.

91.     Plaintiff's alleged damages were caused by the unreasonable failure of Plaintiff, or other persons or entities over whom Answering Defendant Pillsbury had no control, to avoid the injuries complained of or to mitigate damages.

92.     The injuries and damages sustained by Plaintiff, if any, were proximately caused by the independent, superceding and/or intervening acts or omissions of persons or entities or of things over which Answering Defendant Pillsbury had no control.

93.     This Court lacks subject matter jurisdiction over this case because Workers Compensation laws are Plaintiff's exclusive remedy.

94.     Plaintiff's claims are barred by principles of equity, including laches, unclean hands, equitable and/or legal estoppel.

95.     Answering Defendant Pillsbury alleges that if Plaintiff was injured or damaged as set forth in his Complaint, that said injury or damage was the result of open and obvious conditions known to Plaintiff, or in the alternative, the result of risks or hazards voluntarily assumed by Plaintiff.

96.    Answering Defendant Pillsbury is not the successor-in-liability for injuries or damages caused or incurred as a result of products manufactured prior to its acquisition of a portion of DCA Food Industries, Inc.

97.    Plaintiff's claims are barred by the applicable statute of limitations.

98.    Answering Defendant Pillsbury denies that Plaintiff used any product allegedly manufactured, designed, marketed, packaged, furnished, supplied and/or sold by Pillsbury.  If such use is proven, however, Pillsbury alleges that Plaintiff's damages, if any, were caused by modification and/or alteration made after any product of Pillsbury left Pillsbury's control, and that this modification and/or alteration was made without Pillsbury's knowledge or consent and was unforeseen and unforeseeable by Pillsbury.

99.    Answering Defendant Pillsbury denies that it leased, designed, evaluated, manufactured, marketed, packaged, furnished, supplied or sold any product used by Plaintiff.  If such use is proven, however, Pillsbury alleges that Plaintiff's damages, if any resulted because the product in question was used for a purpose or in a manner other than that for which it was intended and in disregard of warning instructions and directions regarding its use, and this misuse was not reasonably foreseeable to Pillsbury.

100.    No defect existed at the time of sale in any product sold or distributed by Answering Defendant Pillsbury.

101.    No act or omission by Answering Defendant Pillsbury proximately caused or contributed to any of the damages alleged in the Complaint.

102.    Answering Defendant Pillsbury was not negligent in any manner.

103.    Any representations, if made, by Answering Defendant Pillsbury, were true and not false representations.

104.    Plaintiff's claims are barred in that if any product sold or distributed by Answering Defendant Pillsbury was used, installed, or removed as alleged in the Complaint, such product was manufactured, distributed, and sold in conformity with the state of the art and in conformity with prevailing industry standards at the time of its sale or distribution.

105.    Any claims by Plaintiff based upon alleged warranties, whether express or implied, are barred in that there is no privity of contract between Plaintiff and Answering Defendant Pillsbury and no timely notice of any alleged breach of warranty was given to Answering Defendant Pillsbury.

106.    Answering Defendant Pillsbury did not make any express or implied warranties to Plaintiff.

107.    Any warranties deemed to have been made by Answering Defendant Pillsbury were satisfied or fulfilled.

108.    Plaintiff cannot sustain a cause of action for breach of warranty against Answering Defendant Pillsbury.

109.    The product at issue in this matter was fit for all appropriate uses.

110.    The Answering Defendant Pillsbury hereby reserves the right to interpose such other defenses as discovery may disclose.

NEW MATTER PURSUANT TO RULE 2252(d) IN THE FORM
OF A CROSSCLAIM AGAINST CO-DEFENDANT, DCA FOOD INSTRUSTRIES,
INC.; KERRY INC. F/K/A KERRY INGREDIENTS, INC.; KERRY INGREDIENTS, INC.;
KERRY GROUP PLC; MOLINE MACHINERY, LTD LP T/A MOLINE MACHINERY;
MOLINE MACHINERY, LTD, IC-DISC T/A MOLINE MACHINERY; MOLINE
MACHINERY; J. LYONS & CO.; J. LYONS & CO., INC.; ALLIED LYONS, PLC;
ALLIED DOMECQ NORTH AMERICAN CORPORATION;
ALLIED DOMECQ SPIRTS AND WINE USA; ALLIED DOMECQ PLC; PERNOD-
RICARD USA, LLC; AND PERNOD RICARD SA;

111.    Answering Defendant Pillsbury hereby incorporates all prior responses as if fully set forth herein at length.

112.    Answering Defendant, Pillsbury, avers that if the Plaintiff sustained any compensable damages as alleged in their Complaint, said damages were caused by the acts and/or omissions of any and/or all of the co-defendants listed above for the reasons set forth in Plaintiff's Complaint, which allegations are hereby incorporated by reference as if each of said allegations were more fully set forth herein at length, and which allegations have previously been denied.

113.    As such, any and/or all of the Co-defendants is/are solely liable to the Plaintiff for any and all injuries suffered by the Plaintiff, or are jointly and/or severally liable with the Answering Defendant Pillsbury, or are liable over to Answering Defendant Pillsbury for indemnification and/or contribution, any and all liability on the part of Answering Defendant Pillsbury being expressly denied.

WHEREFORE, Answering Defendant, Pillsbury, respectfully demands:

1.    Judgment in its favor and against the Plaintiff, together with costs;

2.    Judgment that if there is any liability to Plaintiff, then Co-Defendants, one or all, are solely liable to Plaintiff;

3.     In the event that a verdict is recovered by Plaintiff against Answering Defendant Pillsbury, then Answering Defendant may have judgment over and against Co-Defendants, one or all, by way of indemnification and/or contribution for the amount recovered by Plaintiff against Answering Defendant Pillsbury together with costs.

KENT & McBRIDE, P.C.

BY: _Denis P. McBride_

Denis P. McBride, Esquire
Attorney for Defendant
Pillsbury

## VERIFICATION

Denis P. McBride, Esquire, being duly sworn according to law, deposes and says that the facts set forth in the foregoing Answer to Plaintiff's Complaint with New Matter and New Matter in the Nature of a Crossclaim are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 8-14-06

Denis P. McBride, Esquire

## CERTIFICATION OF SERVICE

I hereby certify that I have served this paper upon all parties or their attorneys by regular

First-Class mail.

*Denis P. Mc Bride*

Denis P. McBride, Esquire

## CERTIFICATE OF SERVICE

I, David E. Edwards, hereby certify that a true and correct copy of the within Notice of

Removal was mailed by U.S. Mail, first-class, postage prepaid, to the following counsel of

record on this 18th day of August, 2006.

George F. Schoener, Jr., Esq.
George F. Schoener, Jr.., P.C.
8 Penn Center, Suite 1301
1628 JFK Blvd.
Philadelphia, PA 19103
*Attorneys for Plaintiff*

Ted D. Broom, Esq.
William J. Devlin, Jr., & Assoc.
100 West Elm Street, Suite 200
Conshohocken, PA 19428
*Attorneys for Moline Defendants*

Denis P. McBride, Esq.
Kent & McBride
1617 JFK Blvd., Suite 1200
Philadelphia, PA 19107
*Attorneys for Pillsbury Co.*

DCA Food Industries, Inc.
P.O. Box 368
8106 Stayton Drive
Jessup, Maryland 20794

J. Lyons & Co., Inc.
270 W. 17th Street, Apt. 18B
New York, NY 10011

J. Lyons & Co.
Bedminster Down
The Pavilions, Bridgewater Road
Bristol, BS13 8 AR United Kingdom

Allied Lyons PLC
Bedminster Down
The Pavilions Bridgewater Road
Bristol, BS13 8 AR United Kingdom

Allied Domencq North American Corporation
355 Riverside Avenue
Westport, CT  06880-4810

Allied Domencq Spirits and Wine USA
c/o CT Corporation System
111 Eighth Avenue
New York, NY  10011

Allied Domecq PLC
Bedminster Down
The Pavilions Bridgewater Road
Bristol, BS13 8 AR United Kingdom

Pernod-Ricard USA, LLC
77 Westchester Avenue
White Plains, NY   10604

Pernod Picard SA
12 Place Des Ests Unis
Park, Cedex 7578316
France

 

 

_____   _____

David E. Edwards

- 2 -